UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **PATRICIA SERROS,** | § | |
| | § | |
| *Plaintiff*, | § | |
| **v.** | § | |
| | § | |
| **FRANK BISIGNANO,** | § | **EP-24-CV-00332-DCG-MAT** |
| *Commissioner of the Social Security* | § | |
| *Administration*,[1] | § | |
| | § | |
| *Defendant.* | § | |

**ORDER ACCEPTING REPORT AND RECOMMENDATION**

After the Commissioner of the Social Security Administration denied Plaintiff Patricia

Serros's claim for disability insurance benefits, Plaintiff appealed the Commissioner's decision

to this Court.[2]  In accordance with the undersigned Judge's "Standing Order Referring Social

Security Cases," the Court automatically referred Plaintiff's appeal to U.S. Magistrate Judge

Miguel A. Torres.[3]  Judge Torres has now issued a Report and Recommendation ("R. & R.")

advising the Court to affirm the Commissioner's decision.[4]  For the following reasons, the Court

**ACCEPTS** the R. & R. **IN FULL**.

---

[1] The Court has automatically substituted Commissioner Bisignano in Former Commissioner Martin O'Malley's place as the named Defendant in this suit.  *See* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.  Later proceedings should be in the substituted party's name . . . .").

[2] *See generally* Compl., ECF No. 5.

[3] *See* Standing Order Referring Social Security Cases (W.D. Tex. May 3, 2012).

[4] *See generally* R. & R., ECF No. 12.

## I.    DISCUSSION

**A.    Neither Party Objected to the R. & R. by the Applicable Deadline, So the Court Will Review the R. & R. Under the Deferential "Clearly Erroneous or Contrary to Law" Standard**

The standard of review that a District Judge applies when deciding whether to accept, reject, or modify a Magistrate Judge's report and recommendation depends on whether a party has objected to it by the applicable deadline.  If a party files a timely objection to a report and recommendation, then "the Court must make a *de novo* determination of those portions of the report or proposed findings or recommendations to which objection is made."[5]  But if "no party objects to [a] Magistrate Judge's Report and Recommendation" by the applicable deadline, then "the Court is not required to perform a *de novo* review"; instead, the Court "need only review [the report and recommendation] to decide whether [it] is *clearly erroneous or contrary to law*."[6]

Here, the Clerk of Court served the parties with Judge Torres's R. & R. on September 5, 2025.[7]  The parties thus had until September 19, 2025 to object to the R. & R.[8]  Neither party

---

[5] *E.g.*, *Mission Pharmacal Co. v. Virtus Pharms., LLC*, No. 5:13-cv-00176, 2014 WL 12480014, at *1 (W.D. Tex. Mar. 28, 2014); *see also* 28 U.S.C. § 636(b)(1).

[6] *Magdalena Garcia v. Sessions*, No. 1:18-CV-59, 2018 WL 6732889, at *1 (S.D. Tex. Nov. 7, 2018) (emphasis added); *see also, e.g.*, *Tamayo v. Galindo*, No. 5:08-cv-00392, 2008 WL 11333884, at *1 (W.D. Tex. Aug. 29, 2008) (similar).

[7] Although the R. & R. is *dated* September *4*, 2025, *see* R. & R. at 16, the Clerk's office *served* the R. & R. on September *5*, 2025 when it posted the R. & R. to the Court's electronic docket.  *See* FED. R. CIV. P. 5(b)(2) (providing (with exceptions that don't apply here) that when a document is served on "a registered user" of "the court's electronic-filing system" by filing it on the electronic docket, "service is complete *upon filing*" (emphasis added)).

[8] *See* 28 U.S.C. § 636(b)(1) (providing (with exceptions that don't apply here) that "any party may serve and file written objections to" an R. & R. "*[w]ithin fourteen days after being served with a copy*" (emphasis added)).

- 3 -

filed an objection by that date, so the Court will accept the R. & R. in its entirety unless it's

clearly erroneous or contrary to law.[9]

**B.      The R. & R. Is Neither Clearly Erroneous Nor Contrary to Law**

After carefully reviewing Judge Torres's R. & R., the Court concludes that it's neither

clearly erroneous nor contrary to law.[10]

## II.      CONCLUSION

The Court therefore **ACCEPTS** Judge Torres's "Report and Recommendation" (ECF

No. 12) **IN FULL**.

The Court thereby **AFFIRMS** the Commissioner's decision to deny Plaintiff's claim for

disability insurance benefits.

The Court will separately issue a final judgment effectuating this Order.[11]

**So ORDERED and SIGNED this 23rd day of September 2025.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[9] *See supra* note 6 and accompanying text.

[10] *See generally* R. & R.

[11] *See* FED. R. CIV. P. 58(a) (providing (with exceptions not relevant here) that "[e]very judgment . . . must be set out in a . . . document" that is "separate" from the order granting relief).